E-FILED
Friday, 28 September, 2018  10:36:21 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CONNIE JONES, as Special, Administrator of the Estate of KENNETH EUGENE JONES, <br><br> Plaintiff, <br><br> v. <br><br> HOOSIER ENERGY RURAL ELECTRIC COOPERATIVE, INC., and G.E. BETZ, INC., <br><br> Defendants. | Case No. 17-cv-03226 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant G.E. Betz, Inc.'s Motion to Dismiss (d/e 10) and Defendant Hoosier Energy Rural Electric Cooperative, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue (d/e 12). For the reasons set forth below, Defendants' motions are GRANTED. The Clerk is DIRECTED to transfer this matter to the Terre Haute Division of the Southern District of Indiana.

## I. BACKGROUND

The following facts come from Plaintiff's Complaint. The Court

accepts these facts as true in ruling on the motions to dismiss. See Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Kenneth Eugene Jones (Decedent) was, at the time of his death, a resident of Shelby County, Illinois. Complaint, ¶ 2. Prior to his death, Decedent was employed by Defendant G.E. Betz, Inc. (G.E. Betz). Id. ¶¶ 3, 5. On or about September 12, 2016, Decedent traveled to Sullivan County, Indiana, for a temporary work assignment at a generating station of Defendant Hoosier Energy Rural Electric Cooperative, Inc. (Hoosier Energy). Id. ¶ 6. Decedent fell into a hot-water discharge canal and died after not being able to remove himself from the hot water. Id. ¶¶ 8, 10. Following Decedent's death, G.E. Betz paid death benefits to Decedent's surviving spouse. Id. ¶ 7. G.E. Betz claims a lien based on the payment of these death benefits. Id.

On September 15, 2017, Plaintiff filed a two-count Complaint against Defendants in the Circuit Court of Shelby County, Illinois. In Count I of the Complaint, Plaintiff seeks to recover for the pecuniary loss, grief, sorrow, and mental suffering of Decedent's next of kin. Plaintiff prays for damages against Hoosier Energy in an amount greater than $50,000 and requests that the Court

adjudicate the lien held by G.E. Betz. In Count II of the Complaint, Plaintiff seeks to recover for the pain, mental anguish, and emotional distress suffered by Decedent prior to his death. Plaintiff prays for damages against Defendants in an amount greater than $50,000 and requests that the Court declare that the lien held by G.E. Betz does not attach to any damages awarded under Count II.

On October 13, 2017, Hoosier Energy filed a Notice of Removal, contending that the Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a). Notice (d/e 1), ¶ 6. In support of this contention, Hoosier Energy alleges that it is a citizen of Indiana, that Plaintiff is a citizen of Illinois, that G.E. Betz is a citizen of Pennsylvania, and that the amount in controversy in this matter exceeds $75,000 exclusive of interest and costs. Id. Hoosier Energy also alleges that both Defendants were served with a copy of Plaintiff's Complaint on September 28, 2017. Id. ¶¶ 3-4. On October 16, 2017, G.E. Betz filed its Notice of Removal, adopting, joining in, and consenting to the Notice of Removal filed by Hoosier Energy. Notice (d/e 4), ¶ 2.

On October 30, 2017, G.E. Betz filed its motion to dismiss, arguing that Plaintiff's claim for damages against G.E. Betz is

adjudicate the lien held by G.E. Betz. In Count II of the Complaint, Plaintiff seeks to recover for the pain, mental anguish, and emotional distress suffered by Decedent prior to his death. Plaintiff prays for damages against Defendants in an amount greater than $50,000 and requests that the Court declare that the lien held by G.E. Betz does not attach to any damages awarded under Count II.

On October 13, 2017, Hoosier Energy filed a Notice of Removal, contending that the Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a). Notice (d/e 1), ¶ 6. In support of this contention, Hoosier Energy alleges that it is a citizen of Indiana, that Plaintiff is a citizen of Illinois, that G.E. Betz is a citizen of Pennsylvania, and that the amount in controversy in this matter exceeds $75,000 exclusive of interest and costs. Id. Hoosier Energy also alleges that both Defendants were served with a copy of Plaintiff's Complaint on September 28, 2017. Id. ¶¶ 3-4. On October 16, 2017, G.E. Betz filed its Notice of Removal, adopting, joining in, and consenting to the Notice of Removal filed by Hoosier Energy. Notice (d/e 4), ¶ 2.

On October 30, 2017, G.E. Betz filed its motion to dismiss, arguing that Plaintiff's claim for damages against G.E. Betz is

barred under both Illinois and Indiana law.  Motion to Dismiss (d/e 10), ¶ 1.  G.E. Betz also argues that the Court does not have subject-matter jurisdiction over Plaintiff's premature request for a declaratory judgment regarding the applicability of G.E. Betz's lien. Id.  Responding to G.E. Betz's motion, Plaintiff states that she is not seeking damages from G.E. Betz and that G.E. Betz was named as a party for the purpose of having the Court determine whether G.E. Betz's lien would attach to damages awarded under Count II of the Complaint.  Response (d/e 18), p. 2.

On the same date G.E. Betz filed its motion to dismiss, Hoosier Energy filed its Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue.  Hoosier Energy argues that because the accident that caused Decedent's death occurred in Indiana, the state in which Hoosier Energy is incorporated and has its principal place of business, the Court may not exercise personal jurisdiction over Hoosier Energy.  Memorandum of Law (d/e 13), pp. 4-5, 7-9.  Hoosier Energy also argues that this district is an improper venue for this matter because the alleged actions forming the basis of Plaintiff's claims occurred in Indiana.  Id. at 11.  As an alternative to the dismissal of Plaintiff's Complaint for improper

venue, Plaintiff requests that this matter be transferred to the Southern District of Indiana. Motion to Dismiss (d/e 12), p. 1. Responding to Hoosier Energy's motion, Plaintiff consents to the transfer of this matter to the Southern District of Indiana. Consent to Transfer (d/e 23), ¶ 2.

## II. JURISDICTION

District courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Any civil action brought in state court may be removed to federal court if the action is one over which the district courts have original jurisdiction. 28 U.S.C. § 1441(a).

As Plaintiff is a citizen of Illinois, Hoosier Energy is a citizen of Indiana, and G.E. Betz is a citizen of Pennsylvania, there is complete diversity of citizenship as to the parties. Further, the amount-in-controversy requirement is met. Plaintiff has alleged two claims against Hoosier Energy, asking for damages in excess of $50,000 on each count. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 585 (2005) ("[I]n determining whether the amount-in-controversy requirement has been satisfied, a single

plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated."). Plaintiff's Complaint requests damages from G.E. Betz on only Count II, but given that the claim asserted in that count seeks damages for Decedent's pain, mental anguish, and emotional distress prior to his death, the Court finds that Plaintiff's claim against G.E. Betz involves more than $75,000. Accordingly, the Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1).[1]

### III. LEGAL STANDARD

G.E. Betz filed its motion to dismiss pursuant to Rule 12(b)(1), claiming a lack of subject-matter jurisdiction as to Plaintiff's request for a declaratory judgment regarding the applicability of G.E. Betz's lien, and Rule 12(b)(6), asserting that Plaintiff has failed to state a claim for damages upon which relief can be granted. See Fed. R. Civ. P. 12(b).

"Under Article III of the Constitution, the judicial power of the United States extends only to cases and controversies." Home Care

---

1 Even if Plaintiff's claim against G.E. Betz did not satisfy the amount-in-controversy requirement, the Court would have supplemental jurisdiction over the claim, as it is so closely related to Plaintiff's claims against Hoosier Energy that all of Plaintiff's claims form part of the same case or controversy. See 28 U.S.C. 1367(a).

Providers, Inc. v. Hemmelgarn, 861 F.3d 615, 620 (7th Cir. 2017). "This jurisdictional requirement ensures that the resources of the federal judiciary are not expended on advisory opinions and hypothetical disputes." Id. Cases that do not involve actual, ongoing controversies must be dismissed for lack of subject-matter jurisdiction. Id.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A district court exercising diversity jurisdiction must dismiss a complaint for failure to state a claim upon which relief may be granted "[i]f state substantive law has denied a plaintiff a remedy for his cause of action." Goetzke v. Ferro Corp., 280 F.3d 766, 779 (7th Cir. 2002).

When faced with a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."

McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011).

Hoosier Energy filed its motion to dismiss pursuant to Rule 12(b)(2), claiming a lack of personal jurisdiction, and Rule 12(b)(3), asserting that the Central District of Illinois is an improper venue for Plaintiff's claims against Hoosier Energy. See Fed. R. Civ. P. 12(b).

"Once a defendant has moved for dismissal based on lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." Kipp v. Ski Enter. Corp. of Wisconsin, 783 F.3d 695, 697 (7th Cir. 2015) (internal quotation marks omitted). The plaintiff "need only make a prima facie showing of jurisdictional facts," and the Court accepts as true any well-pleaded facts in a complaint. Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012). The Court also accepts as true "any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." GCIU-Employer Ret. Fund v. Goldfarb Corp., 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

When facing a motion to dismiss for improper venue, "the plaintiff bears the burden of establishing that the venue it has chosen is proper." Rotec Indus., Inc. v. Aecon Grp., Inc., 436 F.

Supp. 2d 931, 933 (N.D. Ill. 2006). In addressing a motion to dismiss for improper venue, the Court "may look beyond the mere allegations of a complaint." Deb v. SIRVA, Inc., 832 F.3d 800, 809 (7th Cir. 2016).

### IV. ANALYSIS

A. <u>Plaintiff's Complaint fails to state a claim for damages against G.E. Betz upon which relief can be granted, and Plaintiff's request for declaratory judgment is premature.</u>

G.E. Betz, in its motion to dismiss, requests that the Court dismiss, with prejudice, Plaintiff's claim for damages against G.E. Betz. In responding to the motion to dismiss, Plaintiff states that she is not seeking damages from G.E. Betz. However, language utilized in Count II of Plaintiff's Complaint makes it seem as though Plaintiff is seeking damages from G.E. Betz under that count. Compare Complaint, p. 4 (requesting damages and costs from Hoosier Energy under Count I), with id. (requesting damages and costs from "Defendants" under Count II). Given that Decedent was an employee of G.E. Betz at the time of his death and died in the course of his employment, any claim for damages by Plaintiff against G.E. Betz is barred by both Illinois and Indiana law relating to workers' compensation. See 820 Ill. Comp. Stat. 305/5(a)

(compensation provided for by workers' compensation statutory framework is exclusive remedy against employer for employee injured while working or representative of employee's estate); Ind. Code § 22-3-2-6 (same).[2]  Any claim by Plaintiff for damages against G.E. Betz arising out of the facts alleged in Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

G.E. Betz also requests that the Court dismiss, without prejudice, Plaintiff's request for declaratory relief regarding the applicability of G.E. Betz's lien.  The Declaratory Judgment Act (Act) authorizes the Court, upon the filing of an appropriate pleading, to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  However, the Act applies only "[i]n a case of actual controversy within [the Court's] jurisdiction."  Id.  The Act does not dispense with the case-or-controversy requirement imposed by Article III of the United States Constitution or supply

---

[2] The Court need not determine whether Illinois or Indiana law applies to Plaintiff's claims, as any claim for damages by Plaintiff against G.E. Betz would be barred regardless of the Court's determination on the issue.  See In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979, 644 F.2d 594, 605 n.2 (7th Cir. 1981) ("All laws must be carefully examined to determine that a conflict actually exists, under any choice-of-law theory, before application of the theory.").

the Court with subject-matter jurisdiction. Nationwide Ins. v. Zavalis, 52 F.3d 689, 692 (7th Cir. 1995).

Declaratory judgment requires a dispute lending itself to "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). Even when a declaratory judgment is sought, federal courts are not empowered to issue advisory opinions, which do not resolve an actual case or controversy. People of State of Ill. ex rel. Barra v. Archer Daniels Midland Co., 704 F.2d 935, 941 (7th Cir. 1983). The prohibition on advisory opinions "conserve[s] judicial time and effort by avoiding unnecessary adjudication." Id. at 942.

Plaintiff asks the Court to declare that G.E. Betz's lien does not attach to damages Plaintiff obtains under Count II of the Complaint. But even if the Court were to grant Plaintiff's request, the Court's ruling would be of no consequence unless Plaintiff recovers damages under Count II. Therefore, Plaintiff is asking the Court for an advisory opinion on the applicability of G.E. Betz's lien. See Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583

(7th Cir. 2003) ("A declaration that A must indemnify B if X comes to pass has an advisory quality."). The Court does not have the authority to issue such an opinion. See Barra, 704 F.2d at 941.

Plaintiff correctly notes that certain claims can be made against an employer in a lawsuit filed by an employee. But none of the cases cited by Plaintiff support Plaintiff's contention that an employee can sustain a declaratory judgment action regarding the applicability of an employer's lien to damages before damages are first awarded. In Baltzell v. R & R Trucking Co., 554 F.3d 1124 (7th Cir. 2009), and Sinovic v. Granite City Steel, 864 F. Supp. 87 (S.D. Ill. 1994), defendants brought contribution claims against the plaintiff's employer under the Illinois Joint Tortfeasor Contribution Act. Baltzell, 554 F.3d at 1127; Sinovic, 864 F. Supp. at 88. In Gallagher v. Lenart, 874 N.E.2d 43 (Ill. 2007), the plaintiff's employer, after obtaining summary judgment in its favor on the defendants' contribution claims, filed a motion to intervene so it could assert its workers' compensation lien. Id. at 47. However, the employer filed the motion to intervene only after the plaintiff settled his claims against the defendants. Id.

In the three aforementioned cases, the employer was a proper

party because the employer was being accused of negligence by a defendant or seeking to enforce its lien after the plaintiff-employee had obtained money through settlement. Neither scenario is present here. Instead, Plaintiff is attempting to have the Court render an advisory opinion on whether G.E. Betz's lien will apply to hypothetical damages awarded under Count II. Article III of the Constitution prevents the Court from rendering such an opinion because no applicable case or controversy is present. <u>Hemmelgarn</u>, 861 F.3d at 620. Accordingly, Plaintiff's claim for a declaratory judgment regarding the applicability of G.E. Betz's workers' compensation lien is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

B. <u>The Central District of Illinois is an improper venue for Plaintiff's claims against Hoosier Energy.</u>

Hoosier Energy asks the Court to dismiss Plaintiff's Complaint for two reasons: (1) lack of personal jurisdiction and (2) improper venue. The Court begins its analysis with the venue issue, a course of action that requires the Court also to address Hoosier Energy's argument regarding personal jurisdiction.

The general venue statute, 28 U.S.C. § 1391, provides civil

litigants with three options in choosing an appropriate venue for a lawsuit. The Court will address all three options.

1. 28 U.S.C. § 1391(b)(1)

A party may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For purposes of venue, a defendant corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Given this definition of residency, the Court must determine whether Hoosier Energy is subject to the Court's personal jurisdiction.

The Court's exercise of personal jurisdiction over a defendant "must be authorized by the terms of the forum state's personal-jurisdiction statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause." Felland, 682 F.3d at 672. "The governing statute in Illinois permits its courts to exercise personal jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment." Kipp, 783 F.3d at 697; see also 735 Ill. Comp. Stat. 5/2-209(c) ("A court may also exercise

jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.").

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. General jurisdiction is a court's exercise of jurisdiction over a defendant whose contacts with the forum are so "continuous and systematic" that the defendant "is essentially at home" in the forum. Daimler AG v. Bauman, 571 U.S. 117, 127 (2014). In contrast, specific jurisdiction is a court's exercise of jurisdiction over a defendant where the suit relates to or arises out of the defendant's contacts with the forum state. Id.

The relevant facts are insufficient for the Court to assert general jurisdiction over Hoosier Energy. The "paradigm" forums in which the exercise of general jurisdiction over a corporate defendant is proper "are the corporation's place of incorporation and its principal place of business. BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1558 (2017). Hoosier Energy is a non-profit corporation incorporated under the laws of Indiana, and Hoosier Energy's principal place of business is in Indiana. Horton Affidavit (d/e 13-

1), ¶¶ 3-4.[3]

General jurisdiction over a corporate defendant may be appropriate in a forum other than the state of incorporation or the state where the defendant's principal place of business is located, but only if the defendant has substantial operations in that other forum. BNSF, 137 S. Ct. at 1558. The facts before the Court regarding the extent of Hoosier Energy's activities in Illinois are insufficient to meet this standard. Of Hoosier Energy's 18 member cooperatives, 17 are located in Indiana, with the other member cooperative located in Illinois. Horton Affidavit, ¶ 8. Hoosier Energy's one Illinois member cooperative accounts for approximately four percent of Hoosier Energy's total sales. Id. ¶ 9. Hoosier Energy has no offices or bank accounts in Illinois. Id. ¶¶ 12-13. Under these facts, the Court is not authorized to exercise general jurisdiction over Hoosier Energy. See BNSF, 137 S. Ct. at 1559 (finding general jurisdiction inappropriate even though the defendant had over 2,000 miles of railroad track and 2,000

---

[3] The affidavit of John Robert Horton, Vice President of Power Production for Hoosier Energy, was submitted in support of Hoosier Energy's motion to dismiss. Plaintiff has not disputed any of the assertions made by Horton in his affidavit.

employees in the forum state).

Similarly, the Court may not exercise specific jurisdiction over Hoosier Energy in this case. The inquiry into whether the Court can exercise specific jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation." <u>Walden v. Fiore</u>, 571 U.S. 277, 284 (2014). "For a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." <u>Id.</u>

Although Decedent resided in Illinois, he traveled to a Hoosier Energy facility in Indiana for work on the day of his death. The accident in which Decedent was killed occurred in Indiana. Plaintiff alleges that Hoosier Energy failed to take actions in Indiana to prevent the accident. <u>See</u> Complaint, ¶ 9. These facts do not establish a substantial relationship between Hoosier Energy and Illinois related to this matter.

Because Hoosier Energy is not subject to the Court's personal jurisdiction in this case, Hoosier Energy does not reside in Illinois for purposes of venue. Therefore, the Central District of Illinois is an improper venue for this case under 28 U.S.C. § 1391(b)(1), as that statutory provision applies in this case only if all defendants

are residents of Illinois.

  2.   28 U.S.C. § 1391(b)(2)

A party may bring a civil action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is also not proper in this district under this statutory provision. As the Court just noted, the accident in which Decedent was killed occurred in Indiana and, more specifically, in the Southern District of Indiana. In addition, Hoosier Energy's alleged omissions occurred in Indiana.

  3.   28 U.S.C. § 1391(b)(3)

A party may bring a civil action in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," but only if "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). Because the accident in which Decedent was killed occurred in the Southern District of Indiana, venue is proper in that district. See 28 U.S.C. § 1391(b)(2). Accordingly, the Central District of Illinois cannot be a proper venue in this case under 28 U.S.C. § 1391(b)(3).

The Central District of Illinois is not a proper venue for Plaintiff's claims against Hoosier Energy. Although the Court is

authorized to dismiss Plaintiff's claims against Hoosier Energy on the basis of improper venue, the Court has determined that transferring this matter to the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a) is the appropriate remedy and in the interest of justice. Hoosier Energy suggested such a transfer as an alternative remedy in its motion to dismiss, and Plaintiff consents to the transfer. The fact that this Court does not have personal jurisdiction over Hoosier Energy does not prohibit the Court from transferring this case to another district pursuant to 28 U.S.C. § 1406(a). See Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986).

## V. CONCLUSION

For the foregoing reasons, Defendant G.E. Betz, Inc.'s Motion to Dismiss (d/e 10) and Defendant Hoosier Energy Rural Electric Cooperative, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue (d/e 12) are GRANTED. Rather than dismiss Plaintiff's claims against Hoosier Energy, the Court TRANSFERS this case to the Southern District of Indiana, the alternative relief Hoosier Energy sought in its motion. Any claim for damages by Plaintiff against G.E. Betz is DISMISSED

WITH PREJUDICE. Plaintiff's claim for a declaratory judgment regarding the applicability of G.E. Betz's lien to damages Plaintiff may recover under Count II is DISMISSED WITHOUT PREJUDICE.

Because the Court is transferring this case pursuant to 28 U.S.C. § 1406(a) due to improper venue, Hoosier Energy's Motion to Transfer Under 28 U.S.C. § 1404(a) (d/e 16) is DENIED. G.E. Betz's Motion to Join and Adopt (d/e 24) is DENIED as MOOT. The Court renders no rulings on Hoosier Energy's Motion to Dismiss Plaintiff's Survival Claim (Count II) (d/e 14) or Plaintiff's Motion to Remand to State Court (d/e 20). The Clerk is DIRECTED to transfer this case to the Terre Haute Division of the Southern District of Indiana.

ENTER: September 27, 2018

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE